## WARDMAN et al. v. HUTCHINS.

### No. 5607.

Court of Appeals of the District of Columbia.

Argued Jan. 4, 1933.

Decided Feb. 6, 1933.

Rehearing Denied Feb. 20, 1933.

Daniel Thew Wright and Philip Ershler, both of Washington, D. C., for appellants.

Chas. H. Merillat and Levi H. David, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

### PER CURIAM.

Appellee, who was plaintiff below, brought his action against appellants, defendants below, to recover a deficiency judgment on a promissory note originally for $12,-500. The declaration alleged that the note was secured by deed of trust on Washington real estate; that the real estate had been sold by the trustee under the deed of trust for default in interest and taxes; and that after applying the proceeds of the sale to the payment of the note, there was a deficit of $6,-711.36. Defendants filed their grounds of defense in writing in which they alleged that there was nothing owing by them because plaintiff and the other noteholders had elected to rescind the original sale, and, with the consent of the defendants, entered into and repossessed themselves of the property; and a further ground of defense by counterclaim or recoupment was filed in which it was alleged that the defendants sustained damage by reason of the refusal and delay of the sellers of the property to carry out a contract to accept separate deeds of trust and separate notes on the two properties originally sold and covered by one set of notes and one deed of trust.

We have given careful consideration to the pleadings, and have had recourse to the entire record to determine if the trial court was correct in sustaining the demurrer and the motion to strike. We think it was.

The allegation as to repossession of the property and the rescinding of the sale was entirely insufficient to form a basis for a defense of that nature. It was wholly without supporting facts or substance. The grounds of defense show that the foreclosure had already been ordered and had occurred before the holders of the notes secured under the trust had re-entered. The allegation, therefore, that they did so with the consent of appellants is meaningless.

While we have always held that affidavits of defense are to be liberally construed, and that a defendant's right to trial upon the merits is not to be avoided on technical grounds, we have also held that a defendant will not be permitted to avoid the rule requiring the facts to be stated in precise terms by the interposition of indirect and vague statements insufficient in themselves, and especially is this true when it is within his power to comply with the provisions and spirit of the rule. The allegation that the sale "was rescinded," without more, is therefore a mere conclusion and lacking in statement of facts or circumstances, dates, and other essential matters on which it may be sustained, and is not within the rule.

This is true also of the recoupment or counterclaim. By reference to the entire rec-

ord, we ascertain that in 1927, three years before the foreclosure, appellants' right to substitute single deeds of trust on the two properties purchased was decided in their favor in a suit instituted by them in the courts of the District of Columbia, that they availed themselves of this right and executed the new trust and made the new notes and delivered them in substitution of the old without protest or claim of any kind, and continued thereafter to comply with the terms of their contract and to remain in possession of the property, and there is nothing in the record, including their plea, to indicate that they ever made any claim to any loss by reason of the delay on the part of the sellers of the property in carrying out the contract to substitute the one for the other deed of trust. In their plea they state that they were damaged by reason of the delay because of their inability to make sale of the property involved in this suit to one Bryan; but this naked claim is so vague that it would be demurrable in a declaration. There is no allegation of time. There is no allegation that the contract made with Bryan was enforceable or that it was in writing, or any other fact, date, or circumstance to show damage, or how it accrued. In legal effect it is nothing more than a bare conclusion of the pleader. Opportunity was given to file a better defense or better claim, and this was not availed of.

In these circumstances we think the action of the trial court was obviously correct, and should be affirmed.

Affirmed.